UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JAMES FRANCISCHELLI,                :
                                    :
               Petitioner,          :    NOT FOR PUBLICATION
                                    :          ORDER
         - against -                :
                                    :    03-CV-6091(CBA)
JAMES T. CONWAY, Superintendent,    :
                                    :
               Respondent.          :
------------------------------------X

AMON, UNITED STATES DISTRICT JUDGE:

Petitioner James Francischelli, who filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on November 25, 2003, has requested that the Court appoint him counsel. There is no constitutional right to representation by counsel in habeas proceedings. Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). However, a court may, in its discretion, appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The standard for the appointment of counsel in civil cases, including habeas corpus proceedings, is set forth in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The threshold inquiry is whether the plaintiff's position appears to have some chance of success. See Hodge, 802 F.2d at 60-61; Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Only then should the court consider other criteria. See Hodge, 802 F.2d at

61-62. The other factors include:

> plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.

Cooper, 877 F.2d at 172.

Here, despite the fact that the Court ordered the government to respond to the petition as a matter of common practice, the Court finds that petitioner has failed to demonstrate that the claim has some likelihood of merit. Thus, the Court cannot conclude that "the interests of justice" require the appointment of counsel to represent petitioner. Accordingly, petitioner's motion for appointment of counsel is denied.

SO ORDERED.

Dated: Brooklyn, New York
April 18, 2005

Carol Bagley Amon
United States District Judge